**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2160
_____

ERNEST SIMMONS,
                                          Appellant
                          v.

COMMISSIONER OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SUPERINTENDENT GREENE SCI;
SUPERINTENDENT ROCKVIEW SCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-02-cv-00161)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 14, 2016
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Filed: February 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ernest Simmons appeals from orders of the United States District Court for the Western District of Pennsylvania, which denied his Application for Release and his motion for reconsideration of that decision. Because no substantial question is presented by the appeal, we will summarily affirm the District Court's judgment. See Third Circuit LAR 27.4 and I.O.P. 10.6.

This case has a long history, but pertinent here, the District Court conditionally granted Simmons' petition for a writ of habeas corpus in October 2009. The order stayed the execution of the writ for 120 days, "during which time the Commonwealth of Pennsylvania may conduct a new trial," and specified that if the Commonwealth did not conduct a new trial within that time period, "the writ shall issue and Respondents shall release petitioner on his conviction for first-degree murder and robbery." Dkt. #43.

After that order was entered, the Commonwealth prepared to retry Simmons, but on December 31, 2009, Simmons agreed to enter a plea of nolo contendere to third-degree murder. Simmons was resentenced to a term of five to ten years' imprisonment, with an effective date of August 19, 1992, to be followed by ten years of probation.[1]

In March of 2015, Simmons filed the "Application for Release" at issue here. In it, he explained the complex calculations the Commonwealth used to determine the

---

[1] Simmons claims that he did not know that an eight-year backtime sentence for prior parole violations would be applied before the murder sentence could commence. In any event, Simmons was released on probation in May 2010, but was re-incarcerated due to parole/probation violations. Although Simmons has been eligible for parole since July 6, 2011, the Parole Board has denied parole every year.

2

execution of his new sentence, and also asked the District Court to lift the stay and issue a writ of habeas corpus, because the Commonwealth had not cured the constitutional errors that occurred in the original proceeding. The District Court denied relief, stating that "[t]he Commonwealth complied with the requirements of the Court's October 5, 2009 Order," and stating that any challenge Simmons "wishe[d] to make regarding his 2009 judgment of sentence and/or any probation or parole violation term cannot be raised in this closed case." Dkt. #46. The Court advised that any such challenge could only be brought in a new petition for a writ of habeas corpus.

Simmons filed a motion for reconsideration, explaining that he was "not challenging the way the sentence and/or probation is being calculated," and that he was simply citing those calculations as evidence. Dkt. #47. Rather, he argued that the Commonwealth's failure to try him within the 120-day period specified in the October 2009 order, without first seeking a modification to allow it to offer a plea deal instead, meant that the writ should be unconditionally granted. The District Court, finding that Simmons failed to meet the stringent requirements for obtaining relief on reconsideration, denied the motion. Simmons timely appealed.

We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291. As Simmons' motion to reconsider was timely filed under Rule 59(e) of the Federal Rules of Civil Procedure, we have jurisdiction to consider both the original order denying his motion for release and the order denying his motion for reconsideration. See Fed. R. App. P. 4(a)(4). We review the District Court's determination that the

3

Commonwealth complied with the Court's earlier order for abuse of discretion. Gibbs v. Frank, 500 F.3d 202, 206 (3d Cir. 2007). We also review a district court's denial of a Rule 59(e) motion "for abuse of discretion, except over matters of law, which are subject to plenary review." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (internal quotation omitted). We may affirm a district court for any reason supported by the record. Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

The District Court did not abuse its discretion in denying Simmons' Application for Release and his motion for reconsideration. The Court understandably construed the Application for Release as attacking the calculation and/or execution of Simmons' new sentence. To the extent it did so, we agree with the District Court that Simmons could not raise such challenges in the closed habeas case. However, Simmons explained in his motion for reconsideration that he sought release because the Commonwealth had not complied with the terms of the October 2009 order, as it had not tried him within 120 days or released him. While we agree with Simmons that the District Court had jurisdiction to consider whether the state complied, see Gibbs, 500 F.3d at 206 (district court has jurisdiction to consider whether state acted in accordance with the court's mandate), we disagree with his conclusion. Although the Commonwealth did not retry Simmons within 120 days, it did "release [him] on his conviction for first-degree murder and robbery," as specified by the order. It instead incarcerated him for probation or parole violations, and also for the agreed-upon term for his plea of nolo contendere to *third-degree* murder charges. As the Commonwealth complied with the October 2009

4

order, the District Court did not abuse its discretion when it denied Simmons' motion to grant the writ unconditionally.

For the foregoing reasons, and those stated by the District Court, we will summarily affirm the District Court's judgment.